CROW TRIBE OF INDIANS, Appellant,

v.

STATE OF MONTANA, and Ramon Dore, Director, Montana Department of Revenue, Appellees.

No. 79–4321.

United States Court of Appeals, Ninth Circuit.

Jan. 5, 1982.

ORDER

Before TANG, FLETCHER and ALARCON, Circuit Judges.

The opinion 650 F.2d 1104 (9th Cir.) filed July 13, 1981 is amended as follows:

The following footnotes are added:

4a footnotes the sentence on page 1111, left-hand column, ending on line 4 with the word "tax":

"4a. The tax incidence on the Tribe's royalty interest was not at issue and was not reached by the court."

15a footnotes the sentence on page 1114, right-hand column ending on line 21 with the citation to *Washington v. Confederated Tribes of Colville*, 447 U.S. 134, 163, 100 S.Ct. 2069, 2085, 65 L.Ed.2d 10 (1980):

"15a. Appellees, in their petition for rehearing call to our attention *Commonwealth Edison Co. v. Montana*, 453 U.S. 609, 101 S.Ct. 2946, 69 L.Ed.2d 884 (1981). In that case, in the context of a challenge to the Montana coal severance tax as a burden on interstate commerce, the Court upheld the tax against the challenge that it is not fairly related to the services provided by the state. The Court stated that wide latitude is afforded the states under the Due Process Clause in imposing taxes upon particular activities. It went on to note that no direct benefit need be shown to the class or individuals taxed, and that this latitude afforded the states is not changed merely because the taxed activity has some connection to interstate commerce. Completely different considerations are implicated in the case before us. Our task is to determine the limits of state power to tax Indian tribes, Indian-related activities and Indian trust property. Different congressional acts are at issue. Congressional policy with respect to Indian tribes is involved here, not the constitutionality of the tax. We do not find *Commonwealth Edison* to control this case as suggested by appellees."

The panel has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the proposal to amend the opinion, and of the suggestion for en banc rehearing, and no judge has objected to the amendment or requested a vote on the suggestion for rehearing en banc. Fed.R.App. 35(b).

The petition for rehearing is denied and the suggestion for a rehearing en banc is rejected.