No. 91-552

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,
DEPARTMENT OF REVENUE,
Helena, Montana,

Plaintiff and Appellant,

-vs-

ADRIAN BIRD, a/k/a
ADRIAN and NORA BIRD,

Defendants and Respondents.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Big Horn,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hon. Marc Racicot, Attorney General; Deanne L.
Sandholm, Assistant Attorney General, Helena,
Montana
David W. Woodgerd, Chief Legal Counsel, Department
of Revenue, Helena, Montana.

For Respondents:

James L. Vogel, Attorney at Law, Hardin, Montana.

For Amicus:

Dale T. White, Fredericks, Pelcyger & Hester,
Boulder, Colorado; for Amicus Curiae Crow Tribe of
Indians.

FILED

APR 15 1992
Filed:
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: March 5, 1992

Decided: April 15, 1992

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Thirteenth Judicial District, State of Montana, in and for the County of Big Horn, the Honorable Russell K. Fillner presiding. We affirm.

The issue here is whether the State of Montana may impose its income tax upon a member of the Crow Indian Tribe for income earned directly through the mining of coal within an area adjacent to the Crow Reservation, where the underlying mineral rights (coal) are reserved to the Crow Tribe. The income for which the taxes have been levied was earned during the years 1981 through 1984 by respondent, Adrian Bird, who was employed as a miner by Westmoreland Resources, Inc. (Westmoreland) to mine coal at the Sarpy Creek Mine facility.

The Sarpy Creek Mine is on a strip of land located adjacent to the Crow Indian Reservation in eastern Montana. This area was ceded by the Tribe to the United States Government, but the mineral interests, including coal, underlying this ceded strip were, by statute, conveyed to the Crow Indian Tribe. The Crow Tribe subsequently leased the coal in the ceded strip to Westmoreland which engaged in the activity of mining the coal reserves from the ceded strip. During the years at issue, 1981 through 1984, Adrian Bird did not pay individual income tax on the income he derived from employment with Westmoreland.

On April 29, 1991, the State of Montana, Department of Revenue, filed a complaint requesting a judgment against Adrian Bird for unpaid income taxes plus penalties and interest thereon. The respondents, Adrian and Nora Bird, were served with a summons

2

and complaint setting forth the years and the amounts owed as follows:

| Years | Tax | Interest | Penalties |
|-------|-----|----------|-----------|
| 1981-1984 | $8,191.30 | $5,292.06 | $1,481.27 |

With the total amount due: $14,964.63

In reply to this complaint, the respondents filed a motion to dismiss on June 24, 1991, noting that the District Court did not have proper jurisdiction over the Birds; that the court did not have subject matter jurisdiction; and that the complaint failed to state a cause of action.

By way of historical background, we note that Westmoreland carried out its mining operation at the Sarpy Creek Mine under a federally-approved mineral lease entered into with the Crow Tribe in 1972, as amended in 1974. See Crow Tribe v. Montana (9th Cir. 1981), 650 F.2d 1104, 1107, (amended (1982), 665 F.2d 1390), cert. denied, 459 U.S. 916 (Crow I); Crow Tribe v. Montana (9th Cir. 1987), 819 F.2d 895, summarily aff'd, 484 U.S. 997 (1988), (Crow II). The Westmoreland mining operation is located within the so-called "ceded strip" which is an area adjacent to the Crow Reservation that was opened to homesteading pursuant to the Act of April 27, 1904, Ch. 1624, 33 Stat. 352; Crow I, 650 F.2d at 1107; Crow II, 819 F.2d at 896; see Crow Tribe of Indians v. United States (D. Mont. 1985), 657 F.Supp. 573, 575-79.

The 1904 Act authorized the Secretary of the Interior to sell lands within the ceded strip to homesteaders; and as a result of the 1904 Act, "a considerable amount of both the surface and

3

mineral estate" within the ceded strip was conveyed to non-Indians. The coal mined at Westmoreland's Sarpy Creek Mine facility was not conveyed under the 1904 Act and has always remained in Tribal trust status. Crow I, 650 F.2d at 1107; Crow II, 819 F.2d at 896.

In 1958, Congress acted to restore "undisposed of ceded lands" to the Crow Reservation. It did so in the Act of May 19, 1958, 72 Stat. 121, which provided:

> Title to the lands restored to tribal ownership by this Act shall be held by the United States in trust for the respective tribe or tribes, and such lands are hereby added to and made part of the existing reservations for such tribe or tribes.

Crow II, 819 F.2d at 898; quoting 72 Stat. 121 (May 19, 1958). In Crow I and Crow II, the Ninth Circuit Court of Appeals held that the above-listed Act restored the previously undisposed of minerals to the Crow Tribe, including the coal underlying the Westmoreland lease. Crow I, 650 F.2d at 1117; also see Crow II, 819 F.2d at 898.

In its order and memorandum, the District Court noted that the question before it was whether the court had subject matter jurisdiction. It noted that the Tribe, while it asserted that it had ceded the surface area of the Sarpy Creek Mine facility, retained the mineral interests which Westmoreland subsequently leased for production purposes.

It is the respondents' contention that the mineral interests are a part of the Reservation as a Reservation resource and that the individual Indian income derived solely from the Reservation resources is not subject to individual state income tax. In

4

addition, they contend, the State's right to tax a Reservation Indian's individual income, which is derived wholly from a Reservation resource, is preempted by federal law and policy since it is within the exclusive jurisdiction of the federal government and the Tribe itself.

The State argues that the right to tax Mr. Bird's income is not preempted by federal law and policy because his income was earned from a private non-Indian company, and that the company's operations are a non-Reservation source of income to Mr. Bird. In light of the foregoing, our inquiry must focus on whether the State's attempted taxation of Adrian Bird's individual income has been preempted.

This Court, in LaRoque v. State (1978), 178 Mont. 315, 321, 583 P.2d 1059, 1063, quoted from Mescalero Apache Tribe v. Jones (1973), 411 U.S. 145, 148, 93 S.Ct. 1267, 1270, 36 L.Ed.2d 114, 119, wherein the United States Supreme Court noted:

> [A]bsent cession of jurisdiction or other federal statutes permitting it, there has been no satisfactory authority for taxing Indian reservation lands or Indian income from activities carried on within the boundaries of the reservation. . . .

LaRoque, 178 Mont. at 321, 583, P.2d at 1063.

In McClanahan v. State Tax Commission of Arizona (1973), 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129, the United States Supreme Court held that "the State may not impose individual income tax on Reservation Indians whose income is earned exclusively on the reservation." In McClanahan, the Court held that the tax interfered with matters which the relevant treaty and statutes left

5

to the exclusive province of the federal government and the Indian Tribe itself. The Court reasoned that a review of the relevant treaty and statute made it clear that the State had exceeded its lawful authority in attempting to impose a tax. McClanahan, 411 U.S. at 173, 93 S.Ct. at 1263, 36 L.Ed.2d at 136.

This Court, in LaRoque, relying on the above authorities, addressed the issue of "whether an Indian not an enrolled member of the tribe on whose reservation he is living, may be taxed by the State for income earned on that reservation[.]" LaRoque, 178 Mont. at 318, 583 P.2d at 1061. This Court concluded, after review of the relevant statutes, that a cession to Montana jurisdiction as to taxation of individual income had not occurred. Further, we concluded "that situs of the activity is the primary factor in determining whether state taxation jurisdiction exists . . . the important factors were the coalescence of situs (reservation) and status (Indian)." LaRoque, 178 Mont. at 324, 583 P.2d at 1064.

We further note that in Crow I, the Ninth Circuit Court of Appeals determined that the Tribe's mineral resources are "a component of the reservation land itself." Crow I, 650 F.2d at 1117. Therefore, we are not persuaded by the State's argument that the trial court misapplied the governing law in determining the Sarpy Creek Mine facility is part of the Crow Reservation.

In the instant case, the respondent, Adrian Bird, by affidavit, stated that he was an enrolled member of the Crow Tribe and resided within the boundaries of the Crow Reservation. Further, we note that the State conceded in its brief that its

6

cause of action is an attempt to collect unpaid State income tax from the respondents during the time that Adrian Bird was employed mining coal in the ceded strip. As previously determined, the mineral resources on the ceded strip are part of the Reservation, and therefore, we apply the criteria of LaRoque, Crow I, and Crow II to support the holding of the District Court that the State of Montana, Department of Revenue, is without authority to impose individual income tax on the respondent, Adrian Bird.

Congress enacted legislation in 1958 restoring to beneficial tribal ownership 10,260.95 acres of vacant and undisposed of lands subject to the 1904 Act. Act of May 19, 1958, 72 Stat. 121; Crow II, 657 F.Supp. at 590. The acreage restored under the 1958 Act was reduced by 4,900 acres several months later. Act of Aug. 14, 1958, 72 Stat. 575; See Crow II, 659 F.Supp. at 578. Section 2 of the 1958 Act provided that these lands would be held in trust for the Crow Tribe by the United States and that they were added to and made a part of the existing Reservation. Although the statute facially restored to tribal ownership only surface lands, it was construed in Crow II as also applying to undisposed of mineral rights underlying the deeded area. Crow II, 657 F.Supp. at 590.

The decision of the District Court is affirmed.

John Conway Harrison
Justice

7

We concur:

_____
                Chief Justice

_____

_____

_____

_____
                Justices

8

April 15, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Hon. Marc Racicot, Attorney General
Deanne L. Sandholm, Asst. Atty. General
215 N. Sanders, Justice Bldg.
Helena, MT 59620

Charles E. Snyder, Esq.
Ste. 325, 2720 Third Ave. No.
Billings, MT 59101

David W. Woodgerd, Legal Counsel
Department of Revenue
Mitchell Bldg.
Helena, MT 59620

James L. Vogel
Attorney at Law
P.O. Box 525
Hardin, MT 59034

Dale T. White
Fredericks, Pelcyger & Hester
1881-9th St., Ste. 216
Boulder, CO 80302

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: M. Tudor
Deputy