**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD LELAND NEAL; REX CARL SAGELY, | No. 10-15364 |
| Plaintiffs - Appellants, | D.C. No. 3:09-cv-08203-JAT |
| v. | MEMORANDUM[*] |
| STATE OF ARIZONA; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Richard Leland Neal and Rex Carl Sagely ("plaintiffs") appeal pro se from

the district court's judgment dismissing their action alleging that defendants

unlawfully refused to recognize as valid for use in Arizona their purported Indian

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

tribe-issued driver's licenses, vehicle registrations, and vehicle titles.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007).  We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of plaintiffs' Indian tribal sovereignty and Indian Commerce Clause claims was proper because the group whose purported rights plaintiffs are asserting is not an Indian tribe or band.  *See Kahawaiolaa v. Norton*, 386 F.3d 1271, 1272-74 (9th Cir. 2004) (recognizing that members of a tribe are of a same or similar race); *Navajo Tribal Utility Auth. v. Ariz. Dep't of Revenue*, 608 F.2d 1228, 1231-32 (9th Cir. 1979) ("Indian tribes or bands are separate communities of citizens of Indian descent, possibly with a common racial origin, possessing the power of a sovereign to regulate their internal and social relations."); *see also Crow Tribe of Indians v. Montana*, 650 F.2d 1104, 1108-10 (9th Cir. 1981) (discussing tribal sovereignty claims), *amended on denial of reh'g*, 665 F.2d 1390 (9th Cir. 1982).  Plaintiffs' treaty-based claims also fail.  *See Skokomish Indian Tribe v. United States*, 410 F.3d 506, 512, 515-16 (9th Cir. 2005) (en banc) (addressing treaty-based claims).

Dismissal of plaintiffs' equal protection claims was proper because their

group is not situated similarly to governmental entities that issue driver licenses, vehicle registrations, and vehicle titles. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167-68 (9th Cir. 2005). Plaintiffs' due process claims also fail. *See Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir. 1999) (holding no constitutional right to drive).

Plaintiffs' remaining contentions are unpersuasive.

**AFFIRMED.**